IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LARON EUGENE BETTS,**

    **Plaintiff,**

    v.                      CASE NO. 22-3074-SAC

**JAMES L. SPIES,**

    **Defendant.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff LaRon Eugene Betts is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. The Court provisionally grants Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2).

### I. Nature of the Matter before the Court

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at USP-Leavenworth in Leavenworth, Kansas.

Plaintiff names his criminal defense attorney as the sole defendant. Plaintiff alleges that his attorney is providing ineffective assistance of counsel in his criminal revocation case and in his criminal case for new charges pending in Missouri. Plaintiff seeks monetary damages. Plaintiff acknowledges that he has filed a motion for new counsel in his criminal case.

### II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the

plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1. No State Actor

Plaintiff names his criminal defense attorney as the sole defendant. Plaintiff's claims against his defense attorney fail to show that he was a federal officer acting under color of federal law. Courts have recognized that a private attorney, appointed by a state court, is not a state actor for purposes of § 1983. *Allred v. McCaughey*, 257 F. App'x 91, 92–93 (10th Cir. 2007) (unpublished) (citations omitted). "By analogy, an attorney appointed by a federal court is

not a federal officer for purposes of a *Bivens*-type action." *Id*. at 93 (quoting *Haley v. Walker,* 751 F.2d 284, 285 (8th Cir. 1984); and citing *Weaver v. Frick,* No. 98–15362, 1999 WL 191413, at *1 (9th Cir. Mar. 15, 1999) ("[A]n attorney appointed by the court does not act under color of state or federal law when performing the traditional functions of counsel to a criminal defendant."); *Anderson v. Sonenberg,* Nos. 96–5192, 96–5308, 1997 WL 196359, at *1 (D.C. Cir. Mar.13, 1997) ("[P]ublic defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of *Bivens*."); *Bradford v. Shankman,* No. 85–5150, 1985 WL 13659, at *1 (6th Cir. Aug.12, 1985) ("[A] private attorney and a federal public defender do not act under color of federal law for purposes of a *Bivens* action."); *cf. Davis v. United States,* No. CIV–06–1376–C, 2007 WL 983206, at *6 (W.D. Okla. Mar. 29, 2007) (holding a federal public defender is not a federal officer for purposes of a *Bivens*-type action)). A criminal defense attorney does not act under color of state even when the representation was inadequate. *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983).

### 2. Heck Bar

Before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87; *see also Harper v. Ashcroft*, 113 F. App'x 324, n.1 (10th Cir. 2004) (unpublished) (the Tenth Circuit applies *Heck* to *Bivens* actions as well) (citation omitted).  Plaintiff has not alleged that his conviction or sentence has been invalidated.

### 3. Malpractice

Any claim Plaintiff has for legal malpractice must be brought in state court.  "[A] legal malpractice claim is a state-law tort claim, not a § 1983 claim."  *Wallin v. Arapahoe Cty. Detention Facility*, 244 F. App'x 214, 218–19 (10th Cir. 2007) (unpublished) (citing *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S. Ct. 445, 70 L.Ed.2d 509 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding")).

To the extent Plaintiff seeks relief in his pending criminal cases, he must seek relief in the courts where his cases are pending.  Complaints about the proceedings should be addressed by a motion in the pending criminal action.  Plaintiff acknowledges that he has already filed a motion seeking new counsel in his criminal case.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** the Court provisionally grants Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2).

**IT IS FURTHER ORDEREED** that Plaintiff is granted until **May 16, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated April 18, 2022, in Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**