IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LARON EUGENE BETTS,**

    **Plaintiff,**

    v.                                  CASE NO. 22-3074-SAC

**JAMES L. SPIES,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at USP-Leavenworth in Leavenworth, Kansas. On April 18, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's motion to appoint counsel, or in the alternative, to withdraw this case (Doc. 4).

The Court noted in the MOSC that Plaintiff names his criminal defense attorney as the sole defendant and alleges that his attorney is providing ineffective assistance of counsel in his criminal revocation case and in his criminal case for new charges pending in Missouri. The Court noted that Plaintiff acknowledges that he has filed a motion for new counsel in his criminal case.

The Court found in the MOSC that Plaintiff's claims against his defense attorney fail to show that his attorney was a federal officer acting under color of federal law; that any malpractice claim must be brought in state court; and that to the extent Plaintiff seeks relief in his pending criminal cases, he must seek relief in the courts where his cases are pending.

1

Complaints about the proceedings should be addressed by a motion in the pending criminal action and Plaintiff acknowledges that he has already filed a motion seeking new counsel in his criminal case.

The Court also found that before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff has filed a response noting his deficiencies in his Complaint and that his claims seem to be improperly filed in this Court.  (Doc. 4, at 1.)  Plaintiff states that he would like to withdraw this case unless the Court can appoint him an attorney to assist him.  Plaintiff seeks advice on whether he should even be filing in this Court and seeks any suggestions he can be provided because it is difficult to obtain copies of documents.  While the Court cannot provide Plaintiff with legal advice, the Court will direct the Clerk to provide Plaintiff with an additional copy of the Court's MOSC.

The Court has considered Plaintiff's request for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in

any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Furthermore, as set forth in the MOSC, Plaintiff's claims are not properly before this Court. Therefore, Plaintiff's request for the appointment of counsel is denied.

In the alternative, Plaintiff seeks to withdraw this case. The Court must construe liberally Plaintiff's filing because he submitted the motion on his own behalf. *See Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court construes Doc. 4 liberally as a motion to voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. The Court has reviewed the motion and finds dismissal is proper under Fed. R. Civ. P. 41(a).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to appoint counsel, or in the alternative, to withdraw this case (Doc. 4) is **granted in part and denied in part.** Plaintiff's request for appointment of counsel is **denied.** Plaintiff's request to withdraw this case is construed as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1) and is **granted**.

**IT IS FURTHER ORDERED** that this matter is **dismissed without prejudice.**

The Clerk is directed to send Plaintiff a copy of the Court's MOSC at Doc. 3.

**IT IS SO ORDERED**.

**Dated April 29, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**